IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR S. WEISS, | ) | CASE NO. 4:23-CV-2074 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| I. HEALY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

*Pro se* petitioner Arthur S. Weiss is a federal prisoner currently in custody at the Gaston County Residential Reentry Center. Weiss filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") failure to properly apply credits under the First Step Act ("FSA") and transfer Weiss to a residential reentry center ("RRC") or home confinement. ECF Doc. 1. Respondent I. Healy, Warden of the Elkton Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), has moved to dismiss the petition as moot. ECF Doc. 11.

Because the relief requested in the instant habeas petition has been granted, I recommend that the respondent's motion to dismiss (ECF Doc. 11) be GRANTED, the habeas petition be DENIED, and the action be DISMISSED for lack of jurisdiction.

1

I.  **Background**

   A.  **Conviction and BOP Determinations**

After pleading guilty to wire fraud, money laundering, making false statements on a loan application, and corrupt interference with internal revenue laws, Weiss was sentenced by a judge in the Middle District of North Carolina to a 185-month prison term in January 2013. CM/ECF for U.S. Dist. Ct. for M.D. N.C, No. 1:12-cr-249, Doc. 29; *see* ECF Doc. 1 at 1; ECF Doc. 11 at 1. In May 2023, Weiss, who was in custody at FCI Elkton, filed an informal complaint regarding the application of his earned FSA time-credits. ECF Doc. 1-1 at 2. Weiss had been informed that he had a home confinement date of October 22, 2024, *id.*; ECF Doc. 11-1 at 2 n.2, although he had been put in for placement at Residential Reentry Center ("RRC"), he had been denied that placement due to a lack of bed space, ECF Doc. 1-1 at 2; ECF Doc. 11-1 at 2 n.2. Weiss argued that the FSA authorized and mandated that he be immediately placed in home confinement if he could not be placed immediately in an RRC. ECF Doc. 1-1 at 2.

After the acting warden provided an informational response, *id.* at 4, Weiss filed an appeal to the BOP regional office, *id.* at 5-6. The regional director filed an informational response, stating that the warden had adequately addressed Weiss's concerns. *Id.* at 9. Weiss filed an appeal to the BOP central office, *id.* at 10-11, which was rejected, *id.* at 12. On October 2, 2023, Weiss filed a renewed appeal to the BOP central office. *Id.* at. 16-17. As of September 2023, Weiss alleges that he had accrued 795 FSA time-credits (365 towards early release and 430 towards pre-release confinement). *Id.* at 18. On October 23, 2023, the administrator of national inmate appeals filed a response to Weiss's appeal. ECF Doc. 6-1 at 4. He determined that Weiss's time-credits were being properly applied, stating:

> Based on your accrued program days and your FTC earning status, you have earned 365 days of FTC toward early release and 445 days of FTC that may be considered

>for application toward community placement. We note that your Unit Team recommended an RRC placement of May 4, 2023; however, the Residential Reentry Manager (RRM) provided placement on October 22, 2024.
>While individuals may be referred for RRC or HC placement based upon the criteria set forth in 18 U.S.C. 2621(b) and the Second Chance Act, in conjunction with the number of FSA time credits earned and projected, placement in the community is subject to resource availability. The RRM has final authority for determining the RRC placement date.

*Id.*

### B. Habeas Petition

On October 23, 2023, Weiss filed the instant habeas petition, arguing that his federal time credits were being improperly denied because the BOP refused to exceed the standard duration of pre-release custody or provide alternative pre-release custody (placement in home confinement) to accommodate the number of credits he had accumulated. ECF Doc. 1. Weiss asserted four grounds for relief: (i) the BOP abused its discretion by not using its authority under the FSA to send all eligible inmates directly to home confinement to ensure all earned time-credits have been applied; (ii) the BOP abused its discretion by rejecting Weiss's appeal to the BOP central office; (iii) the BOP violated federal law by not ensuring all eligible inmates can apply FSA time-credits; and (iv) the FSA mandates that all earned FSA time-credits be applied to home confinement if placement in an RRC is unavailable. *See id.* at 7-12. For relief, Weiss requests that the court compel the BOP to properly apply his earned FSA time-credits to the full extent and transfer him to either an RRC or home confinement. *See id.* at 12. Weiss also requested that this court pass judgment on the matter even if he was subsequently placed in an RRC or in home confinement. *Id.*

### II. Respondent's Motion to Dismiss

Warden Healy moves to dismiss this case as moot pursuant to Fed. R. Civ. P. 12(b)(1), because Weiss has been granted the very relief sought in his habeas petition. ECF Doc. 11 at 1.

3

Warden Healy argues that: (i) Weiss's petition asked the court to compel the BOP to apply the maximum number of FSA time-credits; (ii) subsequent to filing his petition, the BOP "applied 460 total days of credits to Weiss' time in pre-release custody, which includes the maximum allowable 365 days of First Step Act credits"; and (iii) Weiss was set for transfer to the Gaston County Residential Reentry Center on January 19, 2024, until his release from federal custody on April 22, 2025. *Id.* at 3-4. An attached sworn declaration of Jonathan Kerr, Senior CLC Attorney for the BOP Northeast Regional Office, stated that as of November 17, 2023, Weiss had earned 825 FSA time-credits, and:

> Per the FSA, the maximum 365 days of credit were applied toward early transfer to his supervised release term and the remaining 460 days of credit are being applied toward time in prerelease custody, scheduled to begin at a Gaston County, North Carolina Residential Reentry Center on January 19, 2024.

ECF Doc. 11-1 at 1-2.

Weiss opposed the motion to dismiss. ECF Doc. 15. He argues that there is still a live controversy because: (i) before this litigation, he had been granted six months of home confinement; (ii) those "Second Chance Credits" were removed as retaliation; and (iii) the BOP has therefore not applied the full amount of FSA time-credit to pre-release, as the 460 days applied towards pre-release custody only include 280 days of FSA time-credit.[1] ECF Doc. 15 at 1-3.

Warden Healy's reply brief notes that Weiss has conceded that the requested FSA time-credits have been applied to his sentence. ECF Doc. 20 at 1. He then argues that Weiss's argument that the BOP removed his "Second Chance Credits" in retaliation has not been

---

[1] It appears that Weiss is arguing that the remaining 180 days applied towards pre-release include the six months of "Second Chance Credits" (180 days).

4

exhausted through the administrative process and is therefore unreviewable by this court. *Id.* at 1-2.

## III. Discussion

### A. Mootness

The "case or controversies" requirement under Article III of the Constitution, provides that an actual controversy must exist not only at the time the complaint or petition is filed, but through all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). For habeas cases, "it is not enough that a dispute was alive when [the petitioner's] habeas corpus petition was filed in the district court. [The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (quoting *Lewis*, 494 U.S. at 477) (internal citation omitted). Because the exercise of judicial power requires a live case or controversy, a case may become moot and fall outside the court's jurisdictional authority, if an event occurs that makes it impossible for a court to grant any relief to the prevailing party. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009); *see also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of litigation which render the court unable to grant the requested relief."). When a case becomes moot under Article III, dismissal for lack of jurisdiction under Fed. R. Civ. P 12(b)(1) is appropriate. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383 (6th Cir. 2014).

5

In his petition, Weiss essentially requested that this court compel the BOP to apply his earned FSA time-credit and immediately transfer him to an RRC or to home confinement.[2] *See* ECF Doc. 1 at 12.  As noted above, Weiss has since been placed in an RRC – the relief he requested in his petition.  Moreover, the BOP has applied the total amount of Weiss's earned FSA time-credit (825 days), applying the maximum 365 days towards an early release and the remaining 460 days towards pre-release custody.  *See* ECF Doc. 11-1 at 1-2, 5, 10-11.  As such, the petition has been rendered moot.  *See Marshek v. Eichenlaub*, 266 F. App'x 392, 392-93 (6th Cir. 2008) (holding that when a habeas petition seeks placement at an RRC, the petitioner's subsequent transfer to an RRC moots the petition); *Chhibba v. Federal Bureau of Prisons*, 154 F. App'x 279, 280 (3d Cir. 2005) (same); *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (same).

Weiss argues that there is still a live controversy because the BOP retaliated by removing "Second Chance Credits" and then applying the FSA time-credits, resulting in the BOP's failure

---

[2] To the extent that Weiss may have sought declaratory relief from this court in his habeas petition, such a request is improper in this proceeding.  Because Weiss chose to pursue relief in the instant proceeding through the filing of a habeas petition, the available relief is circumscribed.  *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).  A habeas petition is the appropriate and exclusive vehicle for challenging the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). "A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983." *Quill v. Washington*, No. 2:23-CV-11724, 2023 U.S. Dist. LEXIS 132175, at *7 (E.D. Mich. July 31, 2023) (citing 42 U.S.C. § 1983, and *Presier*, 411 U.S. at 494).

Courts have generally declined to allow hybrid civil rights and habeas actions to proceed, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.  *See Gillespie v. Olmstead*, No. 1:23-cv-1289, 2024 U.S. Dist. LEXIS 13230, at *7-8 (W.D. Mich. Jan. 25, 2024) (collecting cases); *Davis v. Washington*, No. 2:21-cv-129, 2022 U.S. Dist. LEXIS 52329, at *9 (W.D. Mich. Mar. 23, 2022) (same); *Glaze v. Morgan*, No. 1:19-CV-02974-JRK, 2021 U.S. Dist. LEXIS 176800, at *5-6 (N.D. Ohio Aug. 10, 2021) (same); *Hernandez-Morales v. Sec'y, Dep't of Homeland Sec.*, No. 1:18-cv-505, 2019 U.S. Dist. LEXIS 91621, at *4-5 (S.D. Ohio May 31, 2019) (same).  Accordingly, Weiss must file a separate civil action if he wishes to pursue declaratory relief. Notably, Weiss's response in opposition to the motion to dismiss does not argue that the case is not moot due to any pending requests for declaratory relief.  *See* ECF Doc. 15.

to fully grant the requested relief. This argument is unpersuasive. First, Weiss has provided no documentation or evidence of his claimed "Second Chance Credits," nor does his petition or subsequent briefing demonstrate or explain how and when these credits were applied or subsequently removed. Second, to the extent that Weiss has intended to assert an additional claim for relief, he has not filed an amended petition. And this claim for retaliation would be subject to dismissal because Weiss has not disputed the warden's contention that the claim has not been exhausted through the administrative process. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (providing that a prisoner must fully exhaust his administrative remedies within the BOP before seeking habeas relief pursuant to 42 U.S.C § 2241); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006).

      Finally, even if we were to accept Weiss's claim that the BOP erroneously removed the "Second Chance Credits" and that it should have added his FSA time-credits in addition to those credits, there is no further relief to grant. Weiss was transferred to an RRC on January 19, 2024 where he will remain until his early release on April 22, 2025 – effectuating 460 days of FSA time-credit towards pre-release custody. The addition of the alleged 180 days of "Second Chance Credits" would not affect his early release or provide more time in pre-release custody. Issuing a decision on the amount of federal time credit that Weiss should have received would be an exercise of pure academics and would not change Weiss's circumstances. In other words, "there is nothing for [this court] to remedy, even if [it] were disposed to do so." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

      Accordingly, because Weiss has obtained the relief he requested, this case has been rendered moot and the habeas petition should be dismissed on that basis.

### B.     Territorial-Jurisdiction Rule

Alternatively, this case could be dismissed for lack of subject matter jurisdiction based on the territorial-jurisdiction rule.  A habeas corpus petition challenging the fact of present detention must be filed in the judicial district where the prisoner is confined.  *United States v. Stanley*, No. 22-1500, 2022 U.S. App. LEXIS 35218, at *3 (6th Cir. Dec. 20, 2022) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43, 447 (2004)); *Wooten v. United States*, No. 23-1072, 2023 U.S. App. LEXIS 22536, at *4-5 (6th Cir. Aug. 23, 2023) (same).  Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction.  *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").  However, this general rule only applies in circumstances when an appropriate respondent with custody over the petitioner remains in the district.  *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495-99 (1973); *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) ("It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only so long as an appropriate respondent with custody remain[s] in the district.").  In other words, a "habeas court's ability to retain jurisdiction over a petition after the prisoner is transferred hinges upon the continued within-district presence of an official who could grant habeas relief if ordered by the habeas court[.]"  *White v. Gilley*, No. 6:23-CV-110-CHB, 2023 U.S. Dist. LEXIS 163222, at *7 (E.D. Ky. Sep. 13, 2023) (citing *Padilla*, 542 U.S. at 440-41); *see also Padilla*, 542 U.S. at 441 (holding that when a habeas petitioner has been transferred after the filing of a proper habeas

8

petition, the district court can only "direct the writ to [a] respondent *within its jurisdiction* who has legal authority to effectuate the prisoner's release." (emphasis added))

Weiss was incarcerated in Ohio at FCI Elkton when he initiated the instant proceeding, an institution within our district.  But he has since been transferred out of the Northern District of Ohio's territorial jurisdiction to an RRC in Gaston County, North Carolina.  This transfer consequently deprives this court of jurisdiction to grant relief.  *See, e.g.*, *White*, 2023 U.S. Dist. LEXIS 163222, at *8-9 (collecting cases); *Burress v. Weldon*, No. 4:21-cv-01551-CLM-NAD, 2023 U.S. Dist. LEXIS 69185, at *4-5 (N.D. Ala. Mar. 7, 2023); *Dunlop v. Yates*, No. 2:22-cv-00204-KGB-JJV, 2023 U.S. Dist. LEXIS 161121, at *4-5 (E.D. Ark. May 2, 2023); *Parker v. Hazelwood*, No. 17-cv-484, 2019 U.S. Dist. LEXIS 152910, at * 9-10; (D.N.H. Sept. 9, 2019); *Levon v. Eichenlaub*, No. 07-13771, 2008 U.S. Dist. LEXIS 104597, at *6-8 (E.D. Mich. Dec. 29, 2008).  Accordingly, even if Weiss's petition had not otherwise been rendered moot, we would be bound to dismiss it for lack of subject matter jurisdiction.

## IV. Recommendation

For the foregoing reasons, I recommend that the Court GRANT the respondent's motion to dismiss (ECF Doc. 11), DENY the petition for a writ of habeas corpus, and DISMISS the action for lack of jurisdiction.

Dated: March 15, 2024

Thomas M. Parker
United States Magistrate Judge

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).